### A. and E. Dunman *v.* The State.

1. Principals.—If one person assaults another, and others are present acting together with the former, or, being present and knowing his unlawful intent, aid or encourage him in the commission of the offense, all are principal offenders, and a blow by one is a blow by each and all.

2. Same—Assault and Battery.—Certain women and adult males were jointly indicted for an aggravated assault and battery upon a female.  The court below charged the jury, in effect, that though the offense of the woman may have been only a simple assault and battery, yet that of their male confederates, if they were present, aiding, etc., would be aggravated assault and battery.  *Held*, that, if there was error in this charge, it was not to the prejudice of any of the defendants, but because it was too favorable to the female defendants, who, it is intimated, may, by their presence and participation, have been equally inculpated with their male confederates.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. Gustave Cook.

E. J. Dunham, a witness for the state, testified that the assaulted party, Julia Dunham, was his wife; that on December 16, 1875, the defendant Hines brought a letter from Mrs. Hornsinger, requesting Mrs. Dunham to come

and settle a fuss.   Hines would not tell what the fuss was about.   Afterwards, on the same day, the appellant Andy Dunman came twice with the same letter.   Mrs. Dunham told him she knew nothing about a fuss, and would not go. Later in the same day all of the defendants came down on the prairie, some distance in front of witness' house, and Hines, Andy Dunman, and Edward Dunman came to the house, drew their pistols on the witness and his wife, and, under threats of death, compelled them to go down to the crowd on the prairie.   Mrs. Dunham went on horseback, with her baby in her lap and another child behind her. When they arrived at the crowd, Mrs. Cussy Hornsinger, one of the defendants, abused Mrs. Dunham, calling her vile names, and, together with another female defendant, went up to her and beat her with their fists, while John Hornsinger threatened to jerk Cussy's petticoats off if she did not beat Mrs. Dunham.   The other defendants, pistols in hand, prevented the witness from protecting his wife.

Mrs. Dunham, also for the state, testified to the same effect.

The evidence clearly indicates that the affair was the result of tale-bearing, or neighborhood scandal.

No brief for the appellants.

*F. M. Spencer*, for the State, filed an able argument, in the latter part of which he illustrated and elaborated his positions as follows :   A woman, acting alone, cannot be guilty of the crime of rape.   But suppose she had ill-will toward another, and combine with an adult male, and they, acting together, find the woman in a secluded spot, and the female confederate hold the woman while the man rapes her.   She would be equally guilty with the man, and both would be principals in the felony ; because she, who alone was without the capacity to commit the crime,

by superadding to her incapacity the strength and capacity of the man, is jointly guilty of the rape.

Admit that the charge with reference to the females is law, and that they, under the facts, were guilty of simple assault and battery, yet we hold the conviction of appellants correct.

If they were charged as accessories, they could not be convicted of a higher offense than the principals. But they are not so charged.

They are all indicted as principals, and the proof sustains it. Under the statute an assault by one woman upon another is not necessarily aggravated; but an assault by an adult male upon a female is, *ipso facto*, an aggravated assault and battery.

Now, in this case unlawful violence was inflicted upon a woman, and appellants—adult males—were present in the despicable character of principals, and every stroke on Julia Dunham by their female co-defendants was a blow by them, and therefore, as to them, an aggravated assault and battery, though the females might only be guilty of the simple assault and battery. This seems to us correct in principle and logic. It is the philosophy of the law, upheld by statute. Pasc. Dig., Arts. 3097, 3098.

Even in murder the party who struck the fatal blow, *without* malice, may be guilty of manslaughter only, while he who aided and abetted *with* malice is guilty of murder. 1 Chitty on Cr. Law, 270.

The law goes further. If the party striking the fatal blow, or the chief instrument in any crime, be a child under the age of nine, and he be incited to the deed, the inciter is guilty as principal offender, though his agent and instrument is, under the law, guiltless of offense. 1 Whart., sec. 112; 1 Chitty on Cr. Law, 257.

ECTOR, Presiding Judge. In this case Andy Dunman,

John Dunman, Thomas Hines, Henry Barrow, John Horn-singer, Edward Dunman, Cussy Hornsinger, and Mary Dunman were indicted in the criminal district court of Harris county, charging them with an aggravated assault and battery upon Julia Dunham. Appellants, Andy Dunman and Edward Dunman, were tried together, convicted of an aggravated assault and battery, and fined $250 each.

The only errors complained of in the record are : 1st. That the verdict of the jury is contrary to the law and the evidence. 2d. That the court erred in that part of the charge embodied in the bill of exceptions which reads as follows : " If an assault and battery is committed by a female, or by females, upon a female, unless great bodily injury is inflicted, or deadly weapons are used, so as to come within the rule laid down, it is not an aggravated assault and battery as to the females ; but if adult males are present, urging the assault and battery, aiding, advising, or assisting, and preventing interference for the protection of the party assaulted, exhibiting deadly weapons in a threatening manner, such adult males would be guilty of an aggravated assault and battery." To which charge of the court the appellants, by their counsel, excepted upon the ground " that it authorized the jury to find the defendants guilty of a higher and different offense than that with which the principal offender in this indictment is charged, to wit, simple assault and battery." By a reference to the indictment it will be seen that all the defendants in the case are charged therein with an aggravated assault and battery committed upon Julia Dunham. We have not been favored with any brief on the part of appellants.

It would seem from the exceptions taken to the charge of the court, and from the grounds set forth in their motion for new trial, that the appellants hold that those who aided and abetted could not, in law, be guilty of a higher offense than those who struck the blows—called by the appellants

"principal offenders." The testimony in the record shows that all the parties charged in the indictment are principal offenders.

When one party assaults another and strikes him a blow, and other persons are present, acting together with him in the commission of the offense, they are principals. When an offense is actually committed by one or more persons, but others are present, and, knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the offense, such persons so aiding or encouraging are principal offenders, and may be prosecuted and convicted as such, and a blow by one is, in law, a blow by each and by all of them.

In this case the proof shows that unlawful violence was inflicted upon a woman; that appellants, who were adult males, were present in the unmanly character of principals, and every stroke given to Julia Dunham by the female defendants was a blow given by appellants; and certainly the appellants are guilty of an aggravated assault and battery, though their female co-defendants should be guilty of a simple assault and battery.

If the court committed any error in its instructions to the jury—which we do not decide—it was in this, that the charge as given to the jury was too favorable to the female defendants. If a woman attack another woman, using unlawful violence upon her, but not of an aggravated nature, as defined by the statute, it would be a simple assault and battery. But if the same woman combine and confederate with adult males in making an assault upon a-woman—the females to strike the blows, the men to be present aiding and encouraging them in the assault and battery, and with deadly weapons preventing the husband of the party assaulted to come to the protection and relief of his wife—then it might with much force be insisted that the offense as to the females is at once raised to the grade of an aggravated

assault and battery. Nor can adult males, by procuring females as the instruments of their violence upon a woman, being present when the offense is committed, thus escape the penalty of an aggravated assault. The verdict of the jury and the judgment in the case is supported by the law and the evidence.

The judgment is affirmed.

*Affirmed.*